**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case Number: 9:16-cv-80063**

VOLTSTAR TECHNOLOGIES, INC., an Illinois corporation

Plaintiff,

v.

NEWSLINK OF MIAMI, LLC, a Florida limited liability corporation, and KANEX, INC. f/k/a APOGEE, INC., a California corporation,

Defendants.

---

# COMPLAINT FOR PATENT INFRINGEMENT

## JURY TRIAL DEMANDED

Plaintiff VOLTSTAR TECHNOLOGIES, INC., by and through undersigned counsel, brings this civil action for patent infringement against Defendants NEWSLINK OF MIAMI, LLC and KANEX, INC. f/k/a APOGEE, INC., and alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized importation for sale, manufacture, use, offer to sell and sale in the United States of an AC Adapter that infringes one or more claims of United States Patent No. 9,024,581 entitled "Charger Plug with Improved Package."

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff VOLTSTAR TECHNOLOGIES, INC. ("Voltstar") is an Illinois Corporation, registered to do business in the State of Florida, with an office at 4651 N. Federal Highway, Boca Raton, Palm Beach County, Florida 33431.

3. Defendant NEWSLINK OF MIAMI, LLC ("NEWSLINK") is a Florida limited liability corporation that can be served with process at its principal address of 6910 N.W. 12th Street, Miami, Florida, 33126. On information and belief, NEWSLINK maintains offices and warehouse facilities within the jurisdiction of this Court.

4. Defendant KANEX, INC. f/k/a APOGEE, INC. ("KANEX") is a California corporation that can be served with process at its registered agent, Business Filings Incorporated, 555 Capital Mall, Suite 1000, Sacramento, California, 95814.

5. Defendants are subject to personal jurisdiction within this judicial district and division because they operate, conduct, engage in, or carries on business within this state, judicial district and division, and/or has an office or agency within this state, judicial district and division.

6. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) under the Patent Laws of the United States.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §1391 (b) because Defendant has committed acts of infringement within this judicial district and division.

## THE PATENT-IN-SUIT

8. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

9. McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015 (the '581 Patent). A true and correct copy of the '581 Patent is attached as Exhibit "A".

10. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783. A copy of the records of the United States Patent and Trademark Office relating to the activities referred to in the paragraph 9 is attached as Exhibit "B".

11. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet or a power strip, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet or power strip outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power.

**COUNT I**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581**

12. Plaintiff re-alleges paragraphs 1 through 11 above as fully and completely as if set forth herein verbatim.

13. Beginning on or after May 5, 2015, Defendant infringed at least one claim of the '581 patent by offering to sell and by selling an AC adapter identified as item KWCU10KT8P, Switching Adapter.

14. The following is a photograph of the product referred to in paragraph 13 :






SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

15. The following is a photograph of the product referred to in paragraph 13:




16. The AC adapter referred to in paragraph 13 is representative of products sold by Defendants, all of which have, *inter alia,* the characteristics referred to in paragraph 11.

17. The AC adapters referred to in paragraphs 13 and 16 each have a longitudinal length less than 2 inches and a width less than approximately 1.7 inches, a blade length of approximately 0.625 inches and an insertion depth for the power cord of approximately 0.50 inches but in no event less than the blade length.

18. Defendants' offering for sale and selling the products referred to in this Count I constitutes literal infringement of each of claims 1, 9-13 and 17-19 of the '581 patent in violation of 35 U.S.C. § 271(a).

19. Attached as Exhibit "C" is a preliminary claim infringement chart.

20. The activities of Defendants as set forth in this Count I have been without license, permission or authorization from Plaintiff.

21. The activities of Defendants as set forth in this Count I have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

**COUNT II**

**INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581**

22. Plaintiff re-alleges paragraphs 12-21 as fully and completely as if set forth herein verbatim.

23. Defendants intend that the AC adapters referred to in Count I be used with a receptacle, power source, wall outlet and/or power strip.

24. Defendants do not advertise any use of any of the AC adapters referred to in Count I other than with a receptacle, power source, wall outlet and/or power strip.

25. Defendants do not know of any substantial use of any of the AC adapters referred to in Count I other than with a receptacle, power source, wall outlet and/or power strip.

26. The AC adapters referred to in Count I are not a staple article or commodity of commerce suitable for substantial noninfringing uses.

27. The use of the AC adapters referred to in Count I with a receptacle, power source, wall outlet and/or power strip constitutes literal infringement of one or more of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C.§ 271(a).

28. The activities of Defendants referred to in this Count II constitute contributory infringement of each of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C.§ 271(c).

29. The activities of Defendants as set forth in this Count II have been without license, permission or authorization from Plaintiff.

30. The activities of Defendants as set forth in this Count II have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.


SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

## RESERVATION OF RIGHTS

Plaintiff reserves the right to add claims of inducement of infringement and/or willful infringement by Defendants based on any conduct of Defendants continuing after notice of Plaintiff's patent rights.

**WHEREFORE, PLAINTIFF PRAYS:**

A. For judgment that Defendants have infringed at least one claim of the '581 Patent;

B. For an accounting and an award of damages sufficient to compensate Plaintiff for the infringement but in no event less than a reasonable royalty;

C. For an award of costs; and

D. For such other and further relief as to the Court may appear just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.


SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

DATED: January 13, 2016

Respectfully submitted,

By: */s/ Jerold I. Schneider*

JEROLD I. SCHNEIDER
Florida Bar Number 26975
jerold.schneider@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
DIANA F. MEDEROS
Florida Bar Number 99881
diana.mederos@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, Florida 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Voltstar Technologies, Inc.*