UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number:  9:16-cv-80063-RLR-JMH

VOLTSTAR TECHNOLOGIES, INC.,

        Plaintiff,

v.

NEWSLINK OF MIAMI, LLC et al.,

        Defendant.

## JOINT PROPOSED SCHEDULING REPORT

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Local Rule 16.1(b), and this Court's Order Setting Scheduling Conference [Doc. 8], Plaintiff, VOLTSTAR, INC. ("Plaintiff"), and Defendants, NEWSLINK OF MIAMI, LLC and KANEX, INC. ("Defendants") (collectively "parties"), though their attorneys have conferred in good faith pursuant to Fed. R. Civ. P. 26(f) on February 18, 2016  and submit this Joint Proposed Scheduling Report in anticipation of the Scheduling Conference set for Wednesday, March 2, 2016, at 9:45 A.M.

    1.    **Likelihood of Settlement**

It is too early to predict the likelihood of settlement at this time.  However, the parties are currently exploring settlement possibilities and will make every reasonable effort to attempt to settle this matter and will advise the Court promptly should this matter settle.

    2.    **Likelihood of Appearance in the Action of Additional Parties**

Plaintiff does not anticipate the appearance of additional parties.  At this time, Defendants are not aware of additional parties that will likely be added to this action; however,

discovery may reveal the need at a later date. If any additional parties are required to be added, said parties will added by the deadline adopted by the Court.

3. **Potential Jurisdictional Challenge by Kanex**

Defendant Kanex has not concluded its investigation of a jurisdictional challenge of this case. If Kanex files such a challenge, Kanex requests that the court stay discovery until the motion is decided. In addition, parties have agreed that should Kanex file a jurisdictional challenge by March 1, 2016 including a request for a stay of discovery, then parties' infringement and invalidity contentions will not be due until after Kanex has responded to Plaintiff's discovery requests served February 18, 2016. Specifically, if the court denies Kanex's proposed motion or its request to stay discovery, then Plaintiff will serve its infringement contentions 30 days after Kanex serves its responses to Plaintiff's discovery requests served February 18, 2016, and Kanex will serve its invalidity contentions 30 days after Plaintiff serves its infringement contentions.

4. **Proposed Limits on Time**

|   | DEADLINE OR EVENT | DATE |
|---|---|---|
| A | Service of Initial Disclosures | **TBD as in Paragraph 3** |
| B | Defendants to serve invalidity contentions | **Kanex: TBD as in Paragraph 3**<br><br>**Newslink: May 22, 2016** |
| C | Close of Fact Discovery | **December 16, 2016** |
| D | Parties Exchange Opening Expert Reports | **February 17, 2017** |
| E | Parties Exchange Responsive Expert Reports | **March 17, 2017** |

|   | DEADLINE OR EVENT | DATE |
|---|---|---|
| F | Parties Exchange Rebuttal Expert Reports | **April 17, 2017** |
| G | Expert Discovery Completed | **May 15, 2017** |
| H | All summary judgment and other dispositive motions must be filed. | **June 30, 2017** |
| I | All *Daubert* Motions must be filed | **July 28, 2017** |

**5.      Proposals for Formulation and Simplification of Issues**

The parties agree to discuss simplification of issues including stipulation to facts as appropriate and will continue to pursue resolution of these issues prior to trial.

*The parties agree that electronic service will be sufficient and service by mail will not be required.*

**6.      The Necessity or Desirability of Amendments to the Pleadings**

No amendments are anticipated at this time.  However, the parties reserve their right to amend the pleadings in compliance with this Court's deadline for such amendment as well as their right to serve responses to any amended pleadings.

**7.      Possible Admissions of Fact**

The parties will in good faith attempt to obtain admissions of fact and documents that will avoid unnecessary proof and cumulative evidence and will promptly notify the Court of the need for any advance rulings on the admissibility of evidence.  The parties will confer with one another on issues regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things.  The parties do not anticipate departing from the Federal or Local Rules regarding discovery, and believe that they will primarily engage in discovery and the exchange of documents electronically.  After discovery, the Parties anticipate

that they will stipulate to the authenticity of most, if not all, documents and will make their best efforts to stipulate or admit facts where possible. The parties will discuss the ability to waive authenticity objections for records and other items obtained through the discovery process.

8. **Avoiding Unnecessary Proof and Cumulative Evidence**

The parties will cooperate and in good faith obtain agreements to avoid unnecessary proof.

9. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The parties do not consent to trial before a United States Magistrate Judge. However, the parties agree that discovery matters may be referred to the Magistrate Judge.

10. **Preliminary Estimate of Time Required for Trial**

Pursuant to Local Rule 16.1(a)(2), the parties agree that based on the issues of patent infringement and applicable defenses, this case should be placed on this Court's Standard Track. The parties believe this matter will require three (3) to four (4) days for trial.

11. **Suggested Trial and Pretrial Dates**

The parties may request a conference before trial.

The pretrial conference date has not been set.

The trial date has not been set.

12. **Any other Information that might be helpful**

The parties are unaware of any additional information that might be helpful to the court.

Respectfully submitted this 24th day of February, 2016.

/s/ Jerold I. Schneider
JEROLD I. SCHNEIDER
Florida Bar No. 26975
jerold.schneider@sriplaw.com
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC**
4651 N Federal Hwy.
Boca Raton, FL 33431
Tel: 561-404-4350
Fax: 561-404-4353

*Attorney for Plaintiff*
*VOLTSTAR TECHNOLOGIES INC.*

/s/         by consent  /JIS
John Cyril Malloy, III
Florida Bar No. 964220
Jcmalloy@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502235
mmendez@malloylaw.com
W. John Eagan
Florida Bar No. 105101
johneagan@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Tel: 305-858-8000
Fax: 305-858-0008
*Attorneys for Defendant*
*NEWSLINK OF MIAMI, LLC.*


/s/            by consent/JIS
Brian S. Dervishi
Florida Bar No. 350303
Peter A. Tappert
Florida Bar No. 27100
Bdervishi@wdpalaw.com
ptappert@wdpalaw.com
**WEISSMAN & DERVISHI, P.A.**
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
Tel: 305-347-4070
Fax: 305-347-4077
*Attorneys for Defendant KANEX, INC.*

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that on February 24, 2016, a true and correct copy of the foregoing document was served via CM/ECF on all counsel listed below on the Service List.

        */s/ Jerold I. Schneider*
        JEROLD I. SCHNEIDER

## SERVICE LIST

W. John Eagan
johneagan@malloylaw.com
Meredith Frank Mendez
mmendez@malloylaw.com
Cyril J. Malloy, III
cmalloy@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, FL  33129
305.858.8000 – Telephone
305.858-0008 – Facsimile

*Attorneys for Defendant Newslink of Miami, LLC*

Brian S. Dervishi
bdervishi@wdpalaw.com
Peter A. Tappert
ptappert@wdpalaw.com
**Weissman & Dervishi, P.A.**
Sun Trust International Center
One Southeast Third Avenue, Suite 1700
Miami, FL  33131
305.347.4070 – Telephone
305.347.4077 – facsimile

*Attorneys for Kanex, Inc.*

David V. Jafari
Jafari Law Group, Inc.
djafari@jafarilawgroup.com
Saul Acherman
Jafari Law Group, Inc.
sacherman@jafarilawgroup.com
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
(949) 362-0100

*Pro Hac Vice Attorneys for Kanex, Inc.*

.