**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case Number: 9:16-cv-80063-RLR**

VOLTSTAR TECHNOLOGIES, INC., an Illinois corporation,

Plaintiff,

v.

NEWSLINK OF MIAMI, LLC, a Florida limited liability corporation, and KANEX, INC. f/k/a APOGEE, INC., a California corporation,

Defendants.

---

**DEFENDANT KANEX, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO VOLTSTAR TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant KANEX, Inc. ("Kanex") hereby responds to Plaintiff Voltstar Technologies, Inc.'s (“Voltstar”) Complaint for Patent Infringement (“Complaint”) in the above-captioned action as follows:

Kanex denies each and every allegation contained in the Complaint, except as hereinafter specifically admitted. To the extent that the headings, or any other non-numbered statements in the Complaint contain any allegations, Kanex denies each and every allegation therein.

The numbered paragraphs 1 – 30 below correspond to the numbered paragraphs of the Complaint.

1. Kanex admits that the Complaint purports to state an action for patent infringement in which Voltstar makes allegations against Kanex. Kanex admits that the face of U.S. Patent No. 9,024,581 (the "'581 patent") states that it is entitled "Charger Plug with

Improved Package." Kanex denies the remaining allegations contained in Paragraph 1 of the Complaint and specifically denies the allegation of infringement.

## RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

2. Kanex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3. Kanex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4. Kanex admits the allegations contained in Paragraph 4 of the Complaint.

5. Kanex denies the allegations contained in Paragraph 5 of the Complaint.

6. Kanex admits that the Complaint alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code, and thus subject matter jurisdiction in this Court would be proper under 28 U.S.C. § 1338(a).

7. Kanex denies the allegations contained in Paragraph 7 of the Complaint.

## RESPONSE TO "THE PATENT-IN-SUIT"

8. Kanex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Kanex admits that the face of the '581 patent attached to the Complaint states that it issued on May 5, 2015 and lists McGinley, Rimdzius and Marcusen as the applicants. Kanex denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Kanex admits that Exhibit B purports to be assignment records for the '581 patent. Kanex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. Kanex otherwise denies these allegations.

**RESPONSE TO "COUNT I"**
**(ALLEGED "DIRECT INFRINGEMENT OF U.S. PATENT NO, 9,024,581")**

12. Kanex restates and incorporates Paragraphs 1 – 11 above as if separately set forth herein.

13. Kanex admits that it offers for sale and sells an AC adapter identified as item KWCU10KT8P, Switching Adapter. Kanex denies the remaining allegations contained in Paragraph 12 of the Complaint.

14. Kanex admits that the image shown under paragraph 14 purports to be a photograph of the AC adapter identified in Paragraph 13. Kanex lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 14 of the Complaint, and therefore denies it.

15. Kanex admits that the image shown under paragraph 15 purports to be a photograph of the AC adapter identified in Paragraph 13. Kanex lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 15 of the Complaint, and therefore denies it.

16. The allegations in Paragraph 11 of the Complaint of dimensions defined according to the '581 patent are legal conclusions to which no response is required, as such Kanex denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 of the Complaint of dimensions defined according to the '581 patent are legal conclusions to which no response is required, as such Kanex denies the allegations in Paragraph 17.

18. Kanex denies the allegations contained in Paragraph 18 of the Complaint.

19. Kanex admits that Exhibit C purports to be a preliminary claim infringement chart prepared by Plaintiff.

20. Kanex denies the allegations contained in Paragraph 20 of the Complaint.

21. Kanex denies the allegations contained in Paragraph 21 of the Complaint.

**RESPONSE TO "COUNT II"**
**(ALLEGED "INDIRECT INFRINGEMENT OF U.S. PATENT NO, 9,024,581")**

22. Kanex restates and incorporates Paragraphs 11 – 21 above as if separately set forth herein.

23. The allegations in Paragraph 23 of the Complaint are legal conclusions to which no response is required. Kanex otherwise denies these allegations.

24. The allegations in Paragraph 24 of the Complaint are legal conclusions to which no response is required. Kanex otherwise denies these allegations.

25. The allegations in Paragraph 25 of the Complaint are legal conclusions to which no response is required. Kanex otherwise denies these allegations.

26. The allegations in Paragraph 26 of the Complaint are legal conclusions to which no response is required. Kanex otherwise denies these allegations.

27. Kanex denies the allegations contained in Paragraph 27 of the Complaint.

28. Kanex denies the allegations contained in Paragraph 28 of the Complaint.

29. Kanex denies the allegations contained in Paragraph 29 of the Complaint.

30. Kanex denies the allegations contained in Paragraph 30 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Kanex denies that Voltstar is entitled to any relief it seeks by way of the Complaint, whether requested in its Prayer for Relief or otherwise. To the extent any part of the Prayer for Relief is deemed to include or constitute an allegation of fact, Kanex denies it.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Kanex admits that Voltstar requests a trial by jury of any issues so triable by right.

## DEFENSES

Kanex pleads the following as defenses to Voltstar's Complaint without assuming any burden of proof that Voltstar should rightfully carry. Kanex reserves the right to amend its Answer to add additional defenses not presented herein, including but not limited to, defenses the factual and legal bases for which are revealed during discovery.

### First Defense: Non-Infringement

Kanex has not infringed and does not infringe, directly or indirectly, by contributory infringement, by inducement, or under any subsection of 35 U.S.C. § 271, any valid and enforceable claim of the '581 patent either literally or under the doctrine of equivalents, or otherwise.

### Second Defense: Invalidity

The claims of the '581 patent are invalid because they are unenforceable or fail to satisfy one or more of the requirements of patentability specified in 35 U.S.C. § 1, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense: Failure to State a Claim Upon Which Relief Can Be Granted

Voltstar's Complaint fails to state a claim upon which relief may be granted.

**Fourth Defense: Limitation on Costs and Damages**

Voltstar's claims for relief are barred, at least in part, by one or more of 35 U.S.C. §§ 286, 287 and/or 288.

**Fifth Defense: License and/or Patent Exhaustion**

To the extent that any of Kanex's manufacturers, suppliers and/or distributors have a license, and to the extent that Kanex provides components to entities that are already licensed, Voltstar's claims for relief against Kanex are barred or exhausted.

**Sixth Defense: Waiver, Laches, Estoppel**

The claims of the ’581 patent are unenforceable as asserted, in whole or in part, by the equitable doctrines of unclean hands, laches, estoppel, implied license, waiver (express or implied), acquiescence, and/or other equitable doctrines.

**Seventh Defense: Failure to Mark**

Voltstar's damages are barred, in whole or in part, due to the failure of it and its predecessors or licensees to mark products made by or for them or sold by or for them, or to otherwise provide notice prior to filing of this action in accordance with the provisions of 35 U.S.C. § 287(a).

**Eighth Defense: Prosecution History Estoppel**

Upon information and belief, Voltstar is barred in whole or in part from recovering the relief sought in this action by the doctrine of prosecution history estoppel.

**Ninth Defense: Inconvenient Forum**

Voltstar’s claims are barred in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

**Tenth Defense: Patent Misuse**

Voltstar’s claims are barred in whole or in part because of patent misuse.

## Eleventh Defense: Lack of Personal Jurisdiction

The Court lacks personal jurisdiction over defendant because Kanex does not engage in continuous and systematic activity in Florida and the Due Process Clause of the Federal Constitution and the specific limiting provisions in the Florida long-arm statute preclude the exercise of jurisdiction over Kanex.

## RESERVATION OF ADDITIONAL DEFENSES

Kanex reserves the right to assert additional defenses that may be developed through discovery, or otherwise, in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Kanex prays that the Court deny all of the requests for relief specified by Voltstar in the Complaint and respectfully requests judgment as follows:

A. Dismissing Voltstar's Complaint with prejudice;

B. Declaring this to be an exceptional case and awarding Kanex its attorneys' fees;

C. Awarding Kanex its costs and disbursements in the action and prejudgment interest; and

D. Granting such other relief as the Court may deem just and proper.

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By: /s/ Brian S. Dervishi
Brian S. Dervishi
Peter A. Tappert
Fla. Bar Nos. 350303 and 27100
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4077 (Facsimile)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com
JAFARI LAW GROUP®, INC.

David V. Jafari, Esq. (admitted *pro hac vice*)
California State Bar No. 207881
Saul Acherman, Esq. (admitted *pro hac vice*)
California State Bar No. 288036
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Telephone: (949) 362-0100
Facsimile: (949) 362-0101
djafari@jafarilawgroup.com
sacherman@jafarilawgroup.com

*Attorneys for Defendant, Kanex, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF system on March 1, 2016 on all counsel or parties of record listed below.

/s/ Brian S. Dervishi
Brian S. Dervishi

Jerold I. Schneider, Esq.
Joel B. Rothman, Esq.
Diana F. Mederos, Esq.
Schneider Rothman Intellectual Property Law Group, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
jerold.schneider@sriplaw.com
joel.rothman@sriplaw.com
diana.mederos@sriplaw.com
*Attorneys for Plaintiff, Voltstar Technologies, Inc.*

John Cyril Malloy, III, Esq.
Meredith Frank Mendez, Esq.
W. John Eagan, Esq.
Malloy & Malloy, P.A.
2800 S.W. Third Avenue
Miami, FL 33129
jcmalloy@malloylaw.com
mmendez@malloylaw.com
johneagan@malloylaw.com
*Attorneys for Defendant, Newslink of Miami, LLC*